UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Docket No.:  24-CR-10186-DJC |
| ) | |
| ) | |
| FABIAN LOPEZ MEJIA ) | |

**SENTENCING MEMORANDUM ON BEHALF OF FABIAN LOPEZ MEJIA**

I.      **Introduction**

On September 4, 2024, Mr. Lopez Mejia tendered his guilty plea before the court under an agreement with the government pursuant to Rule of Criminal Procedure 11(c)(1)(C). Under the terms of his agreement with the government, Mr. Lopez Mejia entered a guilty plea to count I of the indictment charging one count of Unlawful Reentry of a Deported Alien. The parties' agreement contains a shared position regarding the sentencing guidelines and calls for a sentence of incarceration for 6 months, 12 months of supervised release, and a mandatory special assessment. For the reasons articulated here and those advanced at the sentencing hearing before this court, Mr. Lopez Mejia respectfully requests that this court adopt the parties' agreement and impose the agreed-upon sentence.

At the request of Mr. Lopez Mejia, an abbreviated presentence report was prepared in this case. The report concurs broadly with the parties' guideline assessment

1

– that is, a base offense level of 8, a six-level increase under §2L1.2(b)(3)(C), and a two-level decrease for acceptance of responsibility. The abbreviated presentence report notes that upon motion of the government pursuant to §5K3.1 (early disposition program), the Court may depart down not more than 4 levels. The parties' position in the agreement is that a 2-level departure is appropriate.

## II.     Background of Fabian Lopez Mejia

Mr. Lopez Mejia was born in Colombia and emigrated to the United States as a minor. According to the material in Mr. Lopez Mejia's alien file, he admitted to entering the United States without inspection in 2011. Some 3 days after his entry, US Border Patrol encountered him and he was detained. Within weeks, immigration authorities released him on parole as an unaccompanied minor. In January 2012, an immigration judge in Boston entered an order of removal in absentia. He was not deported until November 2019 following his arrest in a state court matter (see below). He reported in a recent immigration interview that he reentered the United States in 2020 without permission.

For the last approximately 13 years, he has been in a romantic relationship. He has two children from that relationship – an approximately 11 month-old daughter, and an approximately 23 month old son. His last employment before his incarceration on the state prison sentence which immediately preceded this case was as a cook in a senior living facility. The mother of Mr. Lopez Mejia's children does not work and is on assistance. Mr. Lopez Mejia is eager to return to Colombia so that he can begin earning a wage and support them financially.

### III.     Criminal History and Procedural History of Relevant Cases

Mr. Lopez Mejia's criminal history is limited to one conviction from Suffolk Superior Court for possession of cocaine with intent to distribute and misuse of an RMV document.

That case resulted from a traffic stop of Mr. Lopez Mejia on August 2, 2019. According to the police report Mr. Lopez Mejia possessed a significant amount of cocaine, and had a Massachusetts Driver's License which bore his photograph and another individual's information. The Commonwealth charged him via complaint in Chelsea District Court and ultimately he posted bail in October 2019. Immediately after posting bail, immigration authorities detained Mr. Lopez Mejia before he even left the Suffolk County House of Correction. Some 45 days later, he was removed to Colombia. As a result of his deportation, the Chelsea District Court issued a default warrant on December 11, 2019.

Mr. Lopez Mejia appeared once more in custody in the Chelsea District Court on that default warrant on March 30, 2023. The Commonwealth obtained an indictment in the case, and he appeared for arraignment in Suffolk Superior Court, still in custody, on June 7, 2023. On October 12, 2023, he tendered his plea of guilty to charges of possession of cocaine with intent to distribute and misuse of an RMV document. He received a sentence of 18 months to 18 months and one day in state prison.

Immigration authorities met with Mr. Lopez Mejia while he served his sentence at Sousa-Baranowski Correctional Center in October 2023. The government obtained this indictment on June 27, 2024 after Mr. Lopez Mejia completed his state sentence and

3

was in immigration custody. He has been detained voluntarily since his initial appearance and been in continuous custody (his state, immigration, and federal matters) since March 30, 2023. It is expected that upon completion of the sentence in this case that Mr. Lopez Mejia will be removed to Colombia.

### IV. Sentencing Guidelines, 3553(a) Factors, and Appropriate Sentence

The parties' agreement calls for a sentence of incarceration for 6 months, 12 months of supervised release, and a mandatory special assessment. It further contains an agreement that the adjusted offense level under the United States Sentencing Guidelines is "12". For a criminal history category II based upon his 3 criminal history points, this would yield a sentencing range of 12-18 months within Zone C of the sentencing table.

The parties' proposed sentence further includes a 2-level departure pursuant to USSG §5K3.1[1]. And the parties jointly recommended sentence of 6 months accounts for time spent in civil immigration custody resulting in a sentence that is approximately at the low-end of the guideline sentencing range of 8-14 months.

Considering the sentencing factors under 18 U.S.C. § 3553(a), the parties' requested disposition is appropriate.

The overarching principle at sentencing is the imposition of a sentence that is "sufficient not greater than necessary." Kimbrough, 128 S.Ct. 558, 575 (2007). The Court "may not presume that the Guidelines range is reasonable" and must "make an

---

[1] An offense level of 10 in criminal history category II provides for an advisory guideline range of 8-14 months.

individualized assessment based on the facts presented." Id. at 596-7. The First Circuit elaborated on the meaning and breadth of the so-called parsimony principle in United States v. Yonathan Rodriguez, 527 F.3d 221 (1st Cir. 2008). In Rodriguez, the First Circuit stressed that the Supreme Court ruling in Kimbrough requires a "more holistic inquiry" and that "section 3553(a) is more than a laundry list of discrete sentencing factors; it is, rather, a tapestry of factors, through which runs the thread of an overarching principle." Id. at 228. In reaching a decision on what constitutes an appropriate sentence, the district court should "consider all the relevant factors" and "construct a sentence that is minimally sufficient to achieve the broad goals of sentencing." Id. (emphasis added).

In considering the nature and circumstances of the offense, the record is clear that following his illegal re-entry, Mr. Lopez Mejia did not commit any further crimes. The requested sentence accounts for the seriousness of this offense of conviction before the Court and provides just punishment for that offense.

Such a sentence also speaks to the principle of both general and specific deterrence for others and Mr. Lopez Mejia from reentering the United States following removal. It is consistent with the sentences received in this district for illegal reentry and is in line with the Judiciary Sentencing Information (JSIN) data providing an average and median sentence of 7 months for offenders sentenced with a primary guideline of §2L1.2 whose final offense level is 10 in criminal history category II.

V. Conclusion

For all the foregoing reasons, the court should accept the parties' agreement

and impose the requested sentence accordingly.

                                                                                          Respectfully submitted,
FABIAN LOPEZ MEJIA
By his Attorney,

*/s/ Brendan Kelley*
Brendan Kelley
 B.B.O.:  569054
Assistant Federal Public Defender
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA  02210
(617) 223-8061

## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 15, 2024.

                                                         */s/ Brendan Kelley*
Brendan Kelley